## Henry Ives Cobb v. James H. Rice Company.

1. SALES—*Recovery Under the Common Counts.*—An order for goods to be delivered to a third person amounts to a sale of the same to the person ordering, and the value of the goods may be recovered under the common counts for goods sold and delivered.

**Assumpsit**, goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1895, and affirmed. Opinion filed December 2, 1895.

CHARLES H. LAWRENCE and W. S. CARSON, attorneys for appellant.

SMOOT & EYER, attorneys for appellee.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellee furnished glass to the amount of $2,202.20 upon an order as follows:

> " Henry Ives Cobb, Architect,
> 100 Washington street,
> Chicago.
>
> March 1, 1893.

J. H. Rice Co., 40 So. Water St., Chicago.

Gentlemen: I hereby send you a specification of the glass of the Costello Flats, 55th street and Washington avenue. All glass about the building to be double thick American, except store fronts, which will be American plate. Please send the double thick glass to the building as soon as possible, as we wish to commence lathing and plastering, and can not do so until after the glass is set.

> I am, very respectfully,
>
> C. L. Clark,
> Gen'l Sup't.

I want this glass billed to P. J. Costello, but I will guarantee the payment for it.

> Henry Ives Cobb."

(Written in pencil as follows:)
"Within sixty days.

> H. I. Cobb."

There was no contest about the fact of the glass having been furnished, but it was objected that there was a variance between the special counts of the declaration upon the guaranty and the order.

There was abundant evidence, from which the conclusion was inevitable, that J. H. Rice Co. on the order meant the appellee. Here abstruse doctrines about variances and guaranties are argued. We shall not consider those doctrines. The declaration contained the common counts—says the appellant's abstract—and we will assume that among them was a count for goods sold to the appellant, and hold that such count was proved by the delivery of the goods upon the order, and that the direction to bill the glass to P. J.

Costello was for some private purpose of the appellant, not concerning the appellee.

Nothing in the case indicates that the appellee had any dealing with, or knowledge of, Costello; nor that the appellant had any authority to pledge the credit of Costello. Wheeler v. Reed, 36 Ill. 81.

The judgment is affirmed.